```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```
**DANIEL KANE JR., CHARLES MACHADIO, ROGER MARINO, MYRA GORDON, ANDREW ROY, and VINCENT PACIFICO as TRUSTEES OF THE UNITED TEAMSTERS PENSION FUND "A,"**

          **Plaintiffs,**

   -against-

**ENDICOTT MEATS, INC., ENDICOTT REALTY, INC., ENDICOTT VOLUNTEER MEATS, INC., and DAVID MOSNER, INC. D/B/A MOSNER FAMILY BRANDS,**

          **Defendants.**

1:19-CV-00288 (ALC) (SN)

<u>**OPINION & ORDER**</u>

```
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge**

  On January 21, 2021, the Honorable Andrew L. Carter, Jr., granted Plaintiffs' motion for summary judgment on all counts against Defendant Endicott Volunteer only, including that it be liable for the Plaintiffs' reasonable attorney's fees and costs. Subsequently, Plaintiffs moved for attorney's fees and costs, which was unopposed. For the reasons stated below, the Plaintiffs' motion is GRANTED, with slight reductions to the award.

**BACKGROUND**

  The Court assumes the parties' familiarity with the factual and procedural background of this case. Plaintiffs moved for summary judgment against Defendant Endicott Volunteer, which was unopposed. I issued a report and recommendation that summary judgment be granted in Plaintiffs' favor, which Judge Carter adopted in full, finding Endicott Volunteer jointly and severally liable for Defendant Endicott Meats' failure to make withdrawal liability payments to

the United Teamsters Pension Fund "A," in the amount of $344,148, along with simple interest and liquidated damages. ECF No. 55 at 2.

Subsequently, Plaintiffs moved for attorneys' fees and costs, which Judge Carter referred to my docket for resolution. ECF No. 58. To date, the Defendant has not opposed the motion. Accordingly, the Court deems the motion fully briefed and ready for disposition.

## DISCUSSION

I.     **Legal Standard**

Section 502(g) of the Employee Retirement Income Security Act ("ERISA") entitles prevailing plaintiffs to an award of reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). Courts determine the "presumptively reasonable fee" for an attorney's services by looking to "what a reasonable, paying client would be willing to pay . . . who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2007). The "presumptively reasonable fee" equals the product of a reasonable hourly rate and a reasonable number of hours engaged in litigating the matter. See Millea v. Metro-North R. Co., 658 F.3d 154, 166 (2d Cir. 2011). Requested fees must be supported "with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." Annuity v. Integrated Structures Corp., No. 12-cv-00436 (LGS) (KNF), 2013 WL 2649644, at *7 (S.D.N.Y. June 13, 2013), adopted by 2013 WL 3684933 (July 12, 2013) (quoting NY State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983) (cleaned up)).

II.    Application

   A. Reasonable Rates

Courts determine reasonable rates in any given case by comparing prevailing rates in the district for similar services provided by attorneys with comparable skill and experience. See Annuity, 2013 WL 3684933 at *7 (citing Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). "It is the fee movant's burden to establish the prevailing market rate." Sub-Zero, Inc. v. Sub Zero NY Refrigeration & Appliances Servs., Inc., 13-cv-02548 (KMW) (JLC), 2014 WL 1303434, at *8 (S.D.N.Y. Apr. 1, 2014).

Plaintiffs request $12,900 in attorney's fees for the work of three attorneys at the firm Dealy Silberstein & Braverman. Attorney Marc D. Braverman is a partner who has practiced in New York since 2008, with over ten years of experience litigating ERISA actions. See ECF No. 57 ¶ 19. His proposed rate is $250 for work in 2019, and $350 for work in 2020. This Court has recently approved a rate of $350 per hour in an ERISA recovery for an attorney with similar experience and likewise finds Mr. Braverman's request to be reasonable. See Trustees v. Bilt NYG, Inc., No. 20-cv-03486 (VSB) (SN), 2020 WL 7211184, at *3 (S.D.N.Y. Nov. 19, 2020).

Additionally, Plaintiffs seek fees for work performed by two associate attorneys. Erica Weser is a 2019 graduate of Yeshiva University Cardozo School of Law, a second-year associate at Dealy Silberstein & Braverman, and was admitted to practice in New York in June 2020. Her requested rate is $250 hourly. Alexandra Elias is a 2017 graduate of Yeshiva University Cardozo School of Law, was an associate at Dealy Silberstein & Braverman from 2017 to 2019 and was admitted to practice in New York in July 2018. Her requested rate is $175 hourly.[1]

---

[1] The Plaintiffs' brief omitted much of the information concerning both associates, but the Court was able to retrieve this information from the New York State Bar's public registry.

An appropriate associate rate depends upon their level of experience. Thor 725 8th Avenue LLC v. Goonetilleke, No. 14-cv-04968 (PAE), 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015). Case law, however, may not be current with prevailing rates. More than five years ago, when considering fee applications for smaller firms, courts typically awarded $300 per hour for "senior associates with at least eight years of experience," and between $125 and $215 per hour to associates "with three years of experience or less." Id. (quoting Apolinario v. Luis Angie Deli Grocery Inc., No. 14-cv-02328 (GHW), 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015)). More recent courts have approved billing rates in line with this framework. See, e.g., Plus Enters. LLC v. Sun Trading Int'l, LLC, No. 16-cv-08987 (VB) (FED), 2017 WL 6492117, at *9 (S.D.N.Y. Nov. 29, 2017) (approving $230 and $260 rates for associates in small law firm), adopted by 2017 WL 6496541 (Dec. 15, 2017); Skoogfors v. Lycos, Inc., No. 16-cv-02742 (PGG) (JCF), 2017 WL 10591577, at *5 (S.D.N.Y. Apr. 21, 2017) (finding that $225 per hour is "well within the range of acceptable rates" for a third-year associate), adopted by 2018 WL 4761521 (S.D.N.Y. Oct. 2, 2018).

Given that several years have passed since the above-cited cases and that reasonable rates increase over time, the Court finds that both Ms. Weser's and Ms. Elias's rates are reasonable. Although Ms. Weser was more junior when she performed her work, she is now a second-year associate. See Carey, 711 F.2d at 1153 (applying current rates for services "rendered over two or three years"). See also Garcia v. Pawar Bros Corp., No. 18-cv-2656 (BMC), 2018 WL 4100482, at *2 (E.D.N.Y. Aug. 28, 2018) (declining to "act as the defaulting defendants' lawyer by scrutinizing . . . overly severely" a fee rate within the high end of reasonable) (citing Greathouse v. JHS Sec. Inc., 784 F.3d 105, 120 (2d Cir. 2015) (Korman, D.J., concurring)).

**B. Reasonable Hours**

The Court of Appeals requires that court-ordered fee awards are supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1148. The Court's should make "a conscientious and detailed inquiry" to ensure that the "number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). In doing so, "court[s] should exclude excessive, redundant or otherwise unnecessary hours." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). Courts may make specific reductions or across-the-board reductions where billing entries are voluminous. See In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

Plaintiffs seek an award for 49.6 hours of attorney time. Generally, the Court finds that counsels' records reflect tasks necessary to prosecute this action, performed within a reasonable amount of time, and of the type a reasonable attorney would engage. Numerous entries, however, are for emails and meetings between Mr. Braverman and the two associates assigned to the case. Given that both associates were relatively new attorneys, the Court interprets these entries to amount to training that otherwise would be unnecessary to prosecute this case. Because the records for many entries feature mixed tasks, it is difficult for the Court to ascertain what portion are attributable to training specifically. As such, each attorneys' hours are reduced by ten percent. Similarly, Ms. Elias's records include several clerical tasks more suitable for a paralegal than an associate, such as filling out paperwork, arranging for service of process, and filing letters, which the Court reduces from an hourly rate of $175 to $100 hourly. See Finch v. Saul,

No. 17-cv-00892 (OTW), 2020 WL 1940308 *6 (S.D.N.Y. Apr. 22, 2020) ("Courts in this district have granted paralegal fees in the $80 per hour range.") (citing Caplash v.Nielsen, 294 F. Supp. 3d 123 (W.D.N.Y. 2018) (collecting cases with a range of $75–$100 per hour)).

Accordingly, the Court finds that it is appropriate to award $6,691.50 for Mr. Braverman, $1,666.50 for Ms. Elias; and $3,217.50 for Ms. Weser, resulting in a total attorneys' fees award of $11,575.50 for the Plaintiffs.[2]

### C. Costs

Additionally, Plaintiffs request $743 in costs: $400 for filing fees and $343 for service of process to the four Defendants. See ECF No. 38 at ¶¶ 21–22. Such costs are reasonable and in line with past awards. See Romita v. Anchor Tank Lines Corp., 09-cv-09997 (DLC), 2011 WL 1641981, at *2 (S.D.N.Y. Apr. 29, 2011) (awarding $504 in court costs for filing and process server fees); Int'l Ass'n of Heat & Frost Insulators & Asbestos Workers Loc. Union No. 12A v. Trade Winds Envtl., 09-cv-01771 (RJH) (JLC), 2010 WL 8020302, at *6 (S.D.N.Y. Dec. 23, 2010) (awarding $701.75 in court costs for filing and process server fees).

### CONCLUSION

For the foregoing reasons, the Plaintiffs' motion is GRANTED. Plaintiffs are entitled to $11,575.50 in attorney's fees, and $743 in costs, for a total award of $12,318.50. The Clerk of Court may grant the motion at ECF Nos. 56 & 57 and close the case.

**SO ORDERED.**

Dated: May 28, 2021
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

---

[2] Mr. Braverman recorded 11.4 hours at $250 and 13.1 hours at $350. Reduced by 10%, his award is calculated as [(11.4 – 1.14) x $250] + [(13.1 – 1.31) x $350] = $6,691.50. Ms. Elias recorded 10.8 hours at $175. The Court determined that 0.6 hours amounted to clerical work, which should be billed at a rate of $100 hourly, calculated separately from her attorney hours. As such, reduced by 10%, her award is calculated as [(10.2 – 1.02) x $175] + (0.6 x $100) = $1,666.50. Ms. Weser's requested 14.3 hours at $250. Reduced by 10%, her award is calculated as (14.3 – 1.43) x $250 = $3,217.50.